## Wilkinson, Appellant, *v.* H. W. Johns Manufacturing Company.

*Negligence—Master and servant—Loading wagons—Risk of employment.*

In an action by an employee against his employer to recover damages for personal injuries sustained in loading a wagon, a compulsory nonsuit is properly entered where the evidence showed that the plaintiff had been engaged in assisting in loading wagons with bags of cement for about seven months; that in the process of loading a gang plank was used, one end of which rested against the end of a cleat on the floor, and the other on the side of the wagon, and over this the laborers would walk; that when the wagon was so far from the door that the gang plank was short a small board would be put against the cleat and the gang plank rested against that; that prior to plaintiff's employment the gang plank had hooks on one end; that at the time of the accident plaintiff was walking over the plank when it slipped and he was injured; and that plaintiff had never during the course of his employment complained of the gang plank as defective.

Argued Jan. 29, 1901. Appeal, No. 274, Jan. T., 1900, by plaintiff, from judgment of C. P. No. 1, Phila. Co., June T., 1899, No. 986, refusing to take off nonsuit in case of George W. Wilkinson v. H. W. Johns Manufacturing Company. Before McCOLLUM, C. J., FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Trespass for personal injuries.

At the trial it appeared that plaintiff was injured on

January 18, 1898, while engaged in loading one of defendant's wagons, and that plaintiff had been engaged in this occupation for about seven months. In loading the wagons it was customary to use a gang plank. Prior to plaintiff's employment the gang plank had hooks on one end, but these had been removed before plaintiff was engaged The plank was about seven feet long and two feet wide and made of two planks put together with cleats. There was a cleat nailed on the floor of the warehouse opposite the door. When a wagon was to be loaded one of the men would place the gang plank with one end resting against the cleat on the floor, and with the other end resting on the side of the wagon, and over this gang plank the laborers would walk. When the wagon was so far from the board that the gang plank was short, a small board would be put against the cleat, and the end of the gang plank rested against that. At the time of the accident plaintiff was carrying over the plank a bag of cement weighing about one hundred and thirty pounds. The plank slipped, and plaintiff was injured. Why it slipped did not appear. During the course of his employment plaintiff never made any complaint of the condition of the plank. The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was in refusing to take off nonsuit.

*Edwin C. Nevin*, with him *E. Cooper Shapley*, for appellant.

*James Wilson Bayard* and *Frank C. Prichard*, for appellee, were not heard.

PER CURIAM, April 1, 1901:

We think there was no error committed by the learned court below in entering a compulsory nonsuit, or in refusing to take it off. The plaintiff was an employee of the defendant company and at the time he received the injury of which he complains he was, with other laborers, engaged in the performance of work to which he and they were assigned. He was familiar with the duties which devolved upon him and with the appliances used in the performance of the work in which he was engaged. He did not complain of his employment, or of defective

appliances, at any time during the seven months in which he was in the service of the defendant company. With full knowledge of the nature of his employment and of the appliances used therein, he must be held to have assumed the risk involved in it. It is sufficient to refer herein to Mansfield Coal & Coke Co. v. McEnery, 91 Pa. 185, and to New York, Lake Erie & Western Railroad Co. v. Lyons, 119 Pa. 324, as furnishing a satisfactory answer to the appellant's contention. Assignment dismissed.

Judgment affirmed.